NO. 07-06-0392-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JUNE 27, 2007

______________________________

ERIC ROSS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 114TH DISTRICT COURT OF SMITH COUNTY;

NO. 241-1046-00; HONORABLE CYNTHIA STEVENS KENT, JUDGE

_______________________________

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

MEMORANDUM OPINION

Following a plea of guilty, in October 2000, Appellant, Eric Ross, was convicted of driving while intoxicated.  Punishment was assessed at ten years confinement and a $1,000 fine, suspended in favor of ten years community supervision.  On July 26, 2006, the State filed its 
Application to Revoke Community Supervision
 in which it alleged that Appellant had violated the conditions of community supervision.  At the hearing on the State’s motion, Appellant pleaded true to the identity paragraph and to the allegation that he left his county of residence and the State of Arkansas without notifying his community supervision officer and without obtaining permission from the trial court.  
The State then offered testimony from a Louisiana police officer that supported allegations that Appellant had consumed alcoholic beverages in violation of the conditions of community supervision.  The trial court found that the State met its burden of proof, revoked Appellant’s community supervision, and assessed the original punishment of ten years confinement and a $1,000 fine.  In presenting this appeal, counsel has filed an 
Anders
(footnote: 1) brief in support of a motion to withdraw.  We grant counsel’s motion and affirm.

In support of her motion to withdraw, counsel certifies she has diligently reviewed the record and, in her opinion, the record reflects no reversible error upon which an appeal can be predicated.  
Anders v. California
, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); 
Monroe v. State
, 671 S.W.2d 583, 585 (Tex.App.--San Antonio 1984, no pet.).
 Thus, she concludes the appeal is frivolous.  Counsel has candidly discussed why, under the controlling authorities, there is no error in the court's judgment.
  
See
 
High v. State
, 573 S.W.2d 807, 813 (Tex.Cr.App. 1978).  Counsel has also shown that she forwarded Appellant a copy of the brief and informed him that, in counsel's view, the appeal is without merit.  In addition, counsel has demonstrated that she notified Appellant of his right to review the record and file a 
pro se
 response if he desired to do so.  The Clerk of this Court also advised Appellant by letter of his right to file a response to counsel’s brief.  Appellant 
filed a
 
response challenging the State’s allegations.  The State filed a letter acknowledging the 
Anders
 brief.

By the 
Anders
 brief counsel maintains there are no meritorious issues.  Counsel asserts that Appellant’s plea of true to the allegation that he left his county of residence and the State of Arkansas without notifying his community supervision officer and without permission from the trial court is sufficient to support revocation.  
See Moses v. State
, 590 S.W.2d 469, 470 (Tex.Crim.App. 1979).  Additionally, the State proved by a preponderance of the evidence that Appellant violated other conditions of community supervision by consuming alcoholic beverages.  
See Cobb v. State, 
851 S.W.2d 871, 874 (Tex.Crim.App. 1993).  
See also Moore v. State
, 605 S.W.2d 924, 926 (Tex.Crim.App. 1980). 

We have independently examined the entire record to determine whether there are any non-frivolous grounds which might support the appeal.  
See
  
Penson v. Ohio
, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); 
Stafford v. State
, 813 S.W.2d 503, 511 (Tex.Cr.App. 1991).  We have found no such grounds.  After reviewing the record, counsel’s brief, and Appellant’s 
pro se
 response, we agree with counsel that the appeal is frivolous.  
See
 
Bledsoe v. State
, 178 S.W.3d 824 (Tex.Cr.App. 2005).

Accordingly, counsel's motion to withdraw is granted
(footnote: 2) and the trial court’s judgment is affirmed.

Patrick A. Pirtle

      Justice

   

Do not publish.

FOOTNOTES
1:
Anders v. California
, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

2:
In granting counsel’s motion to withdraw, however, we remind counsel of the “educational” duty to inform the Appellant of this Court’s decision and of his right to file a  
pro se
 petition for discretionary review in the Court of Criminal Appeals.  
Ex parte Owens
, 206 S.W.3d 670 (Tex.Crim.App. 2006).